ARNOLD & PORTER LLP
Paul Alexander (C.S.B. #49997)
Andrew Patterson (C.S.B. #267989)
1810 Page Mill Road, Suite 110
Palo Alto, CA 94304
Telephone:  (415) 356-3000
Fax:  (415) 356-3099
Email:  Paul.Alexander@aporter.com
            Andrew.Patterson@aporter.com

CENTRAL CALIFORNIA LEGAL SERVICES, INC.
Chris A. Schneider (C.S.B.#123627)
Suzanne Swenk  (C.S.B.# 179760)
Christina Hathaway  (C.S.B.#  258690)
NaureenNalia  (C.S.B.# 276426)
Telephone: (559) 570-1209
Fax: (559) 570-1254
Email: suzanne@Centralcallegal.org
Chathaway@Centralcallegal.org
Nnalia@Centralcallegal.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERNDISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Luis Sanchez<br><br>             Plaintiff,<br><br>     vs.<br><br>City of Fresno, Ashley Swearengin, Mark Scott, Bruce Rudd, Greg Barfield, Jerry Dyer, Phillip Weathers, Malcolm Dougherty and DOES 1-100, inclusive,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Luis Sanchez complains against defendants as follows:

**Nature of the Case**

1.     This action arises out of  the actions of defendants  in seizing and immediately destroying the valuable and essential personal property of  plaintiff, including  his clothes, bed,

blanket, shoes, jacket, tent, tarp, a small stove, fire barrel, wood, birth certificate, social security card, identification card, telephone along with telephone numbers, radio, family pictures, including pictures of his deceased father, letters and other possessions of important personal value and property critical to the physical and mental health of plaintiff, and out of defendants' further and continuing actions in destroying any shelter that plaintiff has against the elements and destroying his limited means of survival, which conduct combines to constitute a destruction of plaintiff's right to life and liberty.

2.  As alleged with more particularity below, defendants began their current custom, practice and policy of destroying personal property belonging to plaintiff and to other homeless residents of the City of Fresno, and destroying any shelter they had created and vital means of survival they possess, including personal property vital for their survival, and threatening plaintiff's continuing right to life and liberty in or about November 24, 2011.  At the time of their destruction of plaintiff's property, and of their other unlawful acts as alleged herein, defendants were aware that their custom, practice and policy of destruction of vital personal property and shelter and ongoing harassment would cause not only financial loss, but substantial and continuing emotional harm and would endanger and ultimately destroy plaintiff's ability to continue to survive.  In addition, by destroying his limited shelter against the elements, defendants have exposed plaintiff and other homeless residents of the City of Fresno whose property was destroyed, to health threatening physical conditions, and continue to destroy his property because she is homeless and does not have means to pay for shelter, thus further threatening his with loss of liberty and life.

3.  Defendants destroy property that is valuable and is essential to plaintiff and to other homeless residents of the City of Fresno, and do not identify and store the property and afford plaintiff a reasonable opportunity to recover his property as required by law.  Plaintiff does not believe that defendants have stored any of his property. Defendants' conduct in purporting to store limited property of certain homeless residents is itself unlawful because, among other things, homeless residents of the City of Fresno are not afforded a reasonable opportunity to recover their property that has been seized by defendants.  Moreover, defendants seize and immediately destroy personal property such as tents, blankets, firewood, and warm clothing and shoes that place plaintiff

in immediate threat of physical harm, loss of health, and ultimately, loss of life. Defendants also destroyed personal effects, including but not limited to family photographs, including his deceased father's pictures, identification cards, social security card, telephone and telephone numbers, that further place plaintiff in immediate threat of physical harm, loss of health, including emotional health, and ultimately loss of life.

4. The conduct of defendants in engaging in the conduct complained of in this complaint has been conducted pursuant to an intentional custom, policy and practice of the defendants and unless restrained by an appropriate order of this Court, defendants will continue to engage in the policies and practices described above.

5. Plaintiff claims conduct, practices and policies alleged above constitute a deliberate and ongoing violation by defendants of plaintiff's federal constitutional rights under the Fourth and Fifth, and Fourteenth Amendments of the U.S. Constitution, of his rights under 42 U.S.C. § 1983 et seq., of his state constitutional rights under Article I, §§ 7(A) and 13 of the California Constitution, as well as his statutory rights under California Civil Code § 2080, et seq. and Civil Code §§ 52 and 52.1, and other common law provisions. Plaintiff seeks issuance of preliminary and permanent injunctive relief enjoining defendants from taking and destroying personal property in violation of his rights, a declaration of his rights and of the unlawful nature of defendants' conduct, and compensatory and statutory damages and punitive damages as hereinafter alleged.

**Jurisdiction and Venue**

6. This Court has jurisdiction based on 28 U.S.C. § 1331 and 1343, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. Venue is proper in this District in that the events and conduct arise to the violations complained of occurred in this District. In addition, the defendants performed their duties and committed the conduct complained of herein within this District.

**Parties**

7. Plaintiff Luis Sanchez is a resident of the City of Fresno and at all relevant times herein was and now is homeless.

8. Defendant City of Fresno ("Fresno") is a municipal corporation, duly organized and existing under the laws of the State of California.

9. Defendant Ashley Swearengin is the Mayor of Fresno, and in that capacity is responsible for the enforcement, operation and execution of all duties vested by law in Fresno.

10. Defendant Mark Scott is the City Manager of Fresno and plaintiff is informed and believes and based on such information and belief alleges that defendant Scott participated in developing, directing, authorizing and approving the unlawful policies, practices and customs alleged herein.

11. Defendant Bruce Rudd is an Assistant City Manager of Fresno, and plaintiff is informed and believes and based on such information and belief alleges that defendant Rudd participated in developing, directing, authorizing and approving the unlawful policies, practices and customs alleged herein.

12. Defendant Jerry Dyer is Chief of Police of Fresno and in that capacity is responsible for the enforcement, operation and execution of all duties vested by law in the Fresno Police Department.

13. Defendant Greg Barfield is Chief of Staff of Oliver L. Baines III. He previously served as Fresno's Homeless Prevention and Policy Manager, and plaintiff is informed and believes and based on such information and belief alleges that defendant Barfield participated in developing, directing, authorizing and approving of the unlawful policies, practices and customs alleged herein.

14. Defendant Phillip Weathers is an employee of the Community Sanitation Division of the City of Fresno and plaintiff is informed and believes and based on such information and belief alleges that defendant Weathers participated in developing, directing, authorizing and approving of the unlawful policies, practices and customs alleged herein.

15. Defendant Malcolm Dougherty is the Acting Director of the California Department of Transportation ("Caltrans"), and in that capacity is responsible for the enforcement, operation and execution of all duties vested by law in that agency, and is responsible for the conduct of the California Department of Transportation ("Caltrans") as alleged herein.

16. All of the above individual defendants are sued in their individual and official capacities, except defendant Dougherty, who is sued only in his official capacity and only for the injunctive and declaratory relief asserted herein.

17. Plaintiff is informed and believes that DOES 1 through 50 at all relevant times herein were officers and employees of the City of Fresno, and that DOES 51 through 100 were officers and employees of the State of California. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 100 and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each of the DOE defendants is liable for and proximately caused, the injuries and violations of constitutional and statutory rights complained of herein. Plaintiff will ask leave to amend his complaint to insert further charging allegations when such facts are ascertained.

18. Plaintiff is informed and believes that the acts of defendants complained of herein were undertaken in the execution of customs, policies and practices of authorized policymakers of the defendant City of Fresno and agreed to jointly by all Defendants herein as a part of the customs, policies and practices of both the California Department of Transportation and the California Highway Patrol. Each of the defendants joined in the execution of these ongoing customs, policies and practices and in the implementation of them. Each of the defendants acted as the agent, servant, employee and/or in concert, and/or in conspiracy with each of said other defendants. Each of the defendants caused, and is liable for, the unconstitutional and unlawful conduct and resulting injuries by, among other things, personally participating in said conduct or acting jointly or conspiring with others who did so; by authorizing and/or assisting in setting in motion the policies, customs and practices alleged herein, by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to maintain adequate training and supervision; and by ratifying the unlawful conduct taken by employees under their direction and control, including but not limited to failing to take remedial and disciplinary action.

19. The acts complained of herein were intentionally and jointly committed, and will continue to be committed jointly and systematically by Defendants unless restrained by this Court.

**Factual Allegations**

20. Beginning in September or October, 2011, defendants have implemented a continuing custom, policy and practice of destroying the shelter and other personal property of plaintiff and other homeless residents in the City of Fresno, of seizing and immediately destroying their valuable personal property even though that property was valuable and not abandoned by plaintiff, and of continuing to destroy plaintiff's' attempts to shelter himself from the cold and to remain safe, including but not limited to destruction of limited shelter at times when that shelter is most needed, exposing plaintiff to conditions that impair his health and safety. Defendants have destroyed vital shelter, clothing, shoes, blankets, and other property essential to the continued survival of plaintiff. None of these actions were authorized by a warrant. This custom, practice and policy is continuing.

21. On or about November 24, 2011, plaintiff left his tent to eat breakfast around 8:00 a.m. When he returned around 10:00 a.m. all of his personal belongings were gone. He witnessed white trucks that had "City of Fresno" written on them and people dressed in white jumpsuits going through tents, taking tarps down, and putting people's belonging in bags which were then placed in dumpsters. Plaintiff was previously employed by the City of Fresno and recognized some the the City employees, specifically, plaintiff recognized: John Kuder, Ernie and a supervisor.

22. Plaintiff lost his clothes, bed, blanket, shoes, jacket, tent, tarp; small stove, fire barrel, wood, birth certificate, social security card, identification card, telephone along with the telephone numbers, radio, and most important of all, his family photographs, including his deceased father's photographs.

23. Plaintiff never gave permission for anyone to take his belongings or destroy them , nor did he abandon his property. Plaintiff also suffers from a skin disease, depression and ulcers which have worsened since his property was taken and destroyed.

24. Plaintiff believes that defendants have not stored any of his property and have failed and refused to provide for the return of his property or for an adequate means for plaintiff to identify and recover his property.

25. Following the demolition of his shelter and destruction of his property by defendants on or about November 24, 2011, plaintiff has been forced to move to different locations in an attempt to protect himself and survive. Acting pursuant to their ongoing custom, practice and policy, defendants have forced plaintiff to move and forced him to take down his limited shelter. During this period, temperatures have fallen below 36 degrees Fahrenheit on several occasions and plaintiff has been exposed to cold and rainy weather with little or no shelter. Despite the extreme conditions, and despite the fact that they have destroyed plaintiff's shelter, defendants have failed and refused to provide any means of protection from the cold and wet weather. Plaintiff Luis Sanchez has suffered physical illness substantially caused by his exposure to the elements with limited protection; since November 24, 2011, as he has battled a skin disease, ulcers and depression.

26. As a direct and proximate result of the continuing conduct of defendants as alleged above, plaintiff has suffered and continues to suffer not only property loss, but also physical harm and extreme emotional damage proximately caused by the conduct of Defendants.

27. Defendants knew, or reasonably should have known, that their conduct would also cause extreme emotional trauma and damage to plaintiff and, in addition, threaten plaintiff's ability to continue to survive. The nature and timing of defendants' conduct and the cumulative effect of that continuing contact have combined to worsen the emotional trauma and damage caused by that conduct.

28. Defendants who timed the destruction to occur at the onset of the winter months that would bring cold and at times freezing temperatures, rain, and other difficult physical conditions, and thus knew or should reasonably have known that their conduct would cause substantial physical and emotional damage to plaintiff and create a substantial and ongoing threat to plaintiff's right to life and liberty. As a further direct and proximate result of defendants conduct, plaintiff has been left without any shelter or adequate clothing or other protection from the elements, has suffered adverse health effects as a result of that conduct and his continued ability to liberty and life is substantially threatened and jeopardized by defendants' conduct.

29. Defendants have engaged in this conduct, and continue to engage in this conduct, with reckless indifference to the immediate threat to the health and safety and ability to survive of

plaintiff and in a manner that destroys plaintiff's right to life and liberty. Plaintiff lacks the financial or other means to avoid this conduct.

30.  Defendants' policies, actions and conduct have proximately caused and continue to cause enormous damage to plaintiff, including loss of property, physical and emotional damage and further loss and injury for which there is no adequate remedy at law, constituting irreparable injury, including but not limited to the loss of his fundamental rights under the U.S. Constitution and the California Constitution to be free from unreasonable seizure and destruction of his property and to the right to life and liberty, among others.   Plaintiff has no plain, adequate or complete remedy at law to address the wrongs described herein.  Defendants have made it plain by their actions, the ongoing nature of their activities, and their public statements that they intend to continue the unlawful conduct described above.  Defendants intend to continue the unlawful policies and practices as alleged above and will in fact continue that conduct unless and until restrained by an injunctive decree of this Court.

31.  The acts of defendants as alleged above constituted violations of established constitutional rights of plaintiff, and defendants could not reasonably have thought that their conduct in intentionally seizing and immediately destroying all of plaintiff's' personal property and threatening the life and liberty of plaintiff as alleged herein was consistent with plaintiff's constitutional rights.  Further, the acts of defendants as alleged above were arbitrary and conscience shocking in their manner and timing, including but not limited to the destruction of vital property shelter at the onset of winter, maximizing the injury and harm that their conduct would proximately cause to plaintiff.

32.  Effective as of May 28, 2008, Defendants City of Fresno, Caltrans and certain other defendants entered into Settlement Agreements with representatives of a class that the Court in *Kincaid et al. v. City of Fresno*, Civil Action No. 06-CV-1445-OWW et al, had certified.  The commitments by the City of Fresno, Caltrans and certain other defendants in the Settlement Agreements represented binding commitments by those defendants for the benefit of plaintiff, among others.  The conduct of those defendants, as alleged above, violates their contractual

obligations to plaintiff under the Settlement Agreements and the Order of the Court, which incorporated those Agreements.

33. An actual controversy exists between plaintiff and defendants in that defendants have engaged in the unlawful and unconstitutional conduct as alleged herein and intend to continue this unlawful conduct as an ongoing practice and policy whereas plaintiff claims that these practices are unlawful and unconstitutional and therefore seeks a declaration of rights with respect to this controversy.

34. As a direct and proximate result of the unconstitutional and unlawful policies, practices and conduct of defendants, plaintiff has suffered, and will continue to suffer damages, including but not limited to deprivation and destruction of property, including clothing, bedding, medication, personal documents and other personal possessions, severe and continuing physical and emotional damage, including loss of health, loss of personal dignity and, if defendants are not restrained, the likely loss of life.

35. Plaintiff is informed and believes and based thereon alleges that the acts of defendants were willful, malicious, and oppressive and done with intentional and conscious and deliberate disregard for plaintiff and his rights as alleged herein.  The acts of defendants as alleged herein have been and are of such a continuing and cumulative nature that they shock the conscience and go beyond basic standards of human decency.

36. Plaintiff has filed and/or will timely file administrative claims with the City of Fresno and CalTrans pursuant to California Government Code § 910 *et seq.*

**First Claim for Relief**
**(Denial of Constitutional Right Against Unreasonable Search and**
**Seizure - Fourth Amendment and 42 U.S.C. § 1983))**

37. Plaintiff re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

38. Defendants' above-described policies, practices and conduct violate plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

39. Plaintiff has suffered and continues to suffer great financial, physical and emotional damage in an amount to be proven at trial as well as destruction of his constitutional rights, and plaintiff continues to suffer irreparable injury as a proximate result of defendants' conduct.

**Second Claim for Relief**
**(Denial of Constitutional Right to Life, Liberty and Due Process of Law - Fifth Amendment and 42 U.S.C. § 1983**

40. Plaintiff re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

41. Defendants' above-described policies, practices and conduct violate plaintiff's right to life, liberty and due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

42. Plaintiff has suffered and continues to suffer great financial, physical and emotional damage in an amount to be proven at trial as well as destruction of his constitutional rights, and plaintiff continues to suffer irreparable injury as a proximate result of defendants' conduct.

**Third Claim for Relief**
**(Denial of Constitutional Right to Equal Protection of the Laws – Fourteenth Amendment)**

43. Plaintiff's re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

44. Defendants' above-described policies, practices and conduct are intended and designed to single out homeless people and have the purpose and effect of depriving homeless people of their property and of driving homeless people away from the City of Fresno. These policies and actions are based on defendants' animus towards this disfavored group and lack a rational relationship to any legitimate governmental interest. In adopting and implementing these policies and practices with the intent to harm and disadvantage homeless persons in the City of Fresno, the defendants have violated the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 1983.

45. Plaintiff has suffered and continues to suffer great financial, physical and emotional damage in an amount to be proven at trial as well as destruction of his constitutional rights, and plaintiff continues to suffer irreparable injury as a proximate result of defendants' conduct.

**Fourth Claim for Relief**
**(Denial of Constitutional Right Against Unreasonable Search and Seizure - California Constitution, Article 1, § 13)**

46. Plaintiff's re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

47. Defendants' above-described policies, practices and conduct violated plaintiff's right to be free from unreasonable searches and seizures under Article 1, § 13 of the California Constitution.

48. Plaintiff has suffered and continues to suffer great financial, physical and emotional damage in an amount to be proven at trial as well as destruction of his constitutional rights, and plaintiff continues to suffer irreparable injury as a proximate result of defendants' conduct.

**Fifth Claim for Relief**
**(Denial of Constitutional Right to Life, Liberty and Due Process of Law - California Constitution, Article 1, § 7(A))**

49. Plaintiff re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

50. Defendants' above-described policies, practices and conduct violate plaintiff's right to due process of law under Article 1, § 7(A) of the California Constitution.

51. Plaintiff has suffered and continues to suffer great financial, physical and emotional damage in an amount to be proven at trial as well as destruction of his constitutional rights, and plaintiff continues to suffer irreparable injury as a proximate result of defendants' conduct.

**Sixth Claim for Relief**
**(Denial of Constitutional Right to Equal Protection of the Laws – California Constitution, Article 1, § 7(A))**

52. Plaintiff re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

53. Defendants' above-described policies, practices and conduct were and are intended and designed to single out homeless people and have the purpose and effect of depriving homeless people of their property and of driving homeless people away from the City of Fresno. These policies and actions are based on defendants' animus towards this disfavored group and lack a rational relationship to any legitimate state interest. In adopting and implementing these policies and practices with the intent to harm and disadvantage homeless persons in the City of Fresno, the defendants have violated the Equal Protection Clause of the California Constitution, Article 1, § 7(A).

54. Plaintiff has suffered and continues to suffer great financial, physical and emotional damage in an amount to be proven at trial as well as destruction of his constitutional rights, and plaintiff continues to suffer irreparable injury as a proximate result of defendants' conduct.

## Seventh Claim for Relief

**(California Civil Code § 2080 *et seq.* and Government Code § 815.6)**

55. Plaintiff re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

56. Defendants' above-described policies, practices and conduct violated California Civil Code § 2080 *et seq.*, in that, among other things, defendants have failed to safeguard the personal property of plaintiff found on public land, failed to inform the owner of the personal property within a reasonable time of finding this property, failed to document the property found, and failed to make restitution of the property to its owner or to make arrangements to permit him to retrieve it, all of which are mandatory duties under Code of Civil Procedure § 2080 for which defendants are liable and defendant public entities are liable under Government Code § 815.6.

57. Plaintiff has suffered and continues to suffer great financial, physical and emotional damage in an amount to be proven at trial as well, and plaintiff continues to suffer irreparable injury as a proximate result of defendants' conduct.

**Eighth Claim for Relief**
**(California Civil Code § 52.1)**

58. Plaintiff re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

59. Defendants' above-described policies, practices and conduct constitute interference, and attempted interference, by threats, intimidation and coercion, with plaintiff's exercise and enjoyment of rights secured by the Constitutions and laws of the United States and California, in violation of California Civil Code § 52.1.

60. Plaintiff has suffered and continues to suffer great financial, physical and emotional damage in an amount to be proven at trial and plaintiff continues to suffer irreparable injury as a proximate result of defendants' conduct.

61. Plaintiff is further entitled to statutory damages as a result of conduct alleged above.

**Ninth Claim for Relief**
**(Intentional Infliction of Emotional Distress)**

62. Plaintiff re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

63. Plaintiff on behalf of himself, alleges that defendants knew or reasonably should have known that their actions in destroying substantially all of the personal property of plaintiff would cause plaintiff severe and continuing emotional damage.

64. Plaintiff has in fact suffered such severe emotional damage and continues to suffer from the emotional trauma proximately caused by defendants conduct, in an amount to be proven at trial.

**Tenth Claim for Relief**
**(Common Law Conversion)**

65. Plaintiff re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

66. Plaintiff was at all relevant times the owner of personal property confiscated and destroyed by defendants as alleged above. Plaintiff remains entitled to the possession of his

personal property. The personal property confiscated and destroyed by defendants included tents, clothing, family photos, personal items and documents, all of which were particularly valuable to plaintiff in part because these belongings amounted to much if not all of the relatively few possessions that plaintiff owned.

67. Defendants' above-described policies, practices and conduct denied plaintiff the possession of his property and constituted an unlawful conversion of that property to the possession and control of defendants. Defendants have since refused to return this personal property to plaintiff, but instead, based on plaintiff's belief, have destroyed this property.

68. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial as a proximate result of defendants' conduct.

### Eleventh Claim for Relief
### (Breach of Contract )

69. Plaintiff re-alleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

70. Defendants City of Fresno, Caltrans, Weathers, and Dyer entered into an agreement as alleged above by which they agreed with the homeless residents of the City of Fresno, including plaintiff herein, that they would refrain from destruction of their property and would provide them with both notice and a reasonable opportunity to recover their property as called for by the agreement and by the prior rulings of the Court.

71. This Court retained jurisdiction over that agreement in order to hear disputes that might arise over claims that the City of Fresno, Caltrans, Weathers, and/or Dyer have violated the terms of that agreement.

72. Plaintiff has complied with the terms of the agreement alleged above and is entitled to enforce that agreement on his own behalf.

73. Defendants City of Fresno, Caltrans, Weathers and Dyer have breached their obligations under the agreement and, unless restrained by this Court, will continue to breach those obligations.

74. As a direct and proximate result of the breach of Defendants City of Fresno, Caltrans, Weathers and Dyer, plaintiff has suffered and continues to suffer substantial financial, physical and monetary damages in an amount to be proven at trial.

## **Prayer for Relief**

WHEREFORE, plaintiff seeks relief from this Court as follows:

1. For a preliminary injunction and permanent injunction, enjoining and restraining defendants from continuing or repeating the unlawful conduct, policies, practices and conduct complained of herein;
2. For a declaration determining that the conduct, policies, and practices alleged herein are unlawful and a violation of plaintiff's rights;
3. For monetary damages, loss of property, emotional distress and damage, and physical damages caused by Defendants' conduct as alleged above;
4. For the return of plaintiff's property;
5. For additional damages in an amount according to proof but in no event less than the maximum statutory amount recoverable for each plaintiff under California Civil Code §§52 and 52.1 and Cal. Government § 815.6;
6. For punitive and exemplary damages to be determined in accordance with proof;
7. For attorneys' fees as provided by law;
8. For costs of suit; and
9. For such other and further relief as the Court may deem just and proper.

Dated: _3/22/2012_____   CENTRAL CALIFORNIA LEGAL SERVICES, INC.

By:__/s/ Naureen Nalia, Esq._____
Naureen Nalia (C.S.B. # 276426)
2115 Kern Street, Suite. 1
Fresno, CA 93721
Telephone:  (559) 570-1209
Fax:  (559) 570-1254
Email:  nnalia@centralcallegal.org
Attorneys for plaintiff Luis Sanchez

**JURY DEMAND**

Plaintiff demands a trial by jury of all claims for damages asserted in this complaint.