**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUIS SANCHEZ, *et al.*,** | **LEAD CASE: 1:12-CV-00428-LJO-SKO** |
| **Plaintiffs,** | **REQUEST FOR SUPPLEMENTAL FILING RE MOTION TO DISMISS DECEASED PLAINTIFFS (Doc. 195)** |
| v. | |
| **CITY OF FRESNO, ASHLEY SWEARENGIN, MARK SCOTT, BRUCE RUDD, GREG BARFIELD, JERRY DYER, PHILLIP WEATERHS, MALCOLM DOUGHERTY, and DOES 1-100, inclusive,** | |
| **Defendants.** | |

Plaintiffs in these consolidated cases are current or former homeless residents of the City of Fresno ("City") who allege that their personal property, including property necessary for survival, essential to health, and of personal and emotional value, was seized and immediately destroyed as part of the City's efforts to clean up homeless encampments in Downtown Fresno in late 2011 and early 2012. More than thirty similar cases arising out of these cleanup activities have been consolidated for pretrial purposes, with the above-captioned matter serving as the lead case. *See* Doc. 27.

Counsel informed the Court that two of the Plaintiffs, Reginald Gilliam and Juan Valenzuela ("Decedents"), passed away during the pendency of this action. Doc. 195 at ¶¶ 1-2. Counsel further represent that there have been no probate proceedings for and no one has identified themselves to counsel as an heir or representative of either Decedent. Finally, Counsel indicate that all parties have conferred and concluded that any claims of either Decedent were extinguished upon their deaths. Accordingly and in light of the fact that the parties have reached an overall settlement of this litigation, the parties request dismissal of Decedents' claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

1

The parties have failed to justify sufficiently dismissal of Decedents' claims. Absent from the request for dismissal is any mention of Fed. R. Civ. P. 25(a)(1), which allows for the substitution of a deceased party if the claim is not extinguished by decedent's death. Rule 25(a)(1) provides:

> ***Substitution if the Claim Is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The parties assert, without any explanation, that Decedents' claims were extinguished upon their deaths. If all claims asserted by Decedents are indeed extinguished as a matter of law upon Decedents' deaths, dismissal may be appropriate without application of the notice and waiting period provisions of Rule 25(a)(1). In contrast, if any claims may be maintained as survivor actions, certain obligations of notice apply, *Barlow v. Ground*, 39 F.3d 231, 233–34 (9th Cir. 1994) (explaining that Rule 25 establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent), even where there is no estate and/or where no representative has come forward. *See Gruenherg v. Maricopa Cnty. Sheriff's Office*, 2008 WL 2001253, at *2 (D. Ariz. May 7, 2008) (recognizing that defendants who file notice of death for deceased plaintiff are "required to take on some burden in locating [p]laintiff's representative or successor."). Accordingly, the parties are directed to file a supplemental brief explaining why Decedents' claims are extinguished by their deaths and/or a supplemental declaration detailing what efforts have been made, if any, to locate any successors to Decedents' interests. Any such supplemental filing shall be filed on or before October 29, 2014.

IT IS SO ORDERED.

Dated:   **October 20, 2014**           **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

2