UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SANCHEZ, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> CITY OF FRESNO, ASHLEY SWEARENGIN, MARK SCOTT, BRUCE RUDD, GREG BARFIELD, JERRY DYER, PHILLIP WEATERHS, MALCOLM DOUGHERTY, and DOES 1-100, inclusive, <br><br> **Defendants.** | LEAD CASE: 1:12-CV-00428-LJO-SKO <br><br> ORDER REQUIRING FILING OF SUGGESTIONS OF DEATH AS TO REGINALD GILLIAM AND JUAN VALENZUELA; AND SERVICE OF SAME UPON NEXT-OF-KIN OF JUAN VALENZUELA |

  Plaintiffs in these consolidated cases are current or former homeless residents of the City of Fresno ("City") who allege that their personal property, including property necessary for survival, essential to health, and of personal and emotional value, was seized and immediately destroyed as part of the City's efforts to clean up homeless encampments in Downtown Fresno in late 2011 and early 2012. More than thirty similar cases arising out of these cleanup activities have been consolidated for pretrial purposes, with the above-captioned matter serving as the lead case. *See* Doc. 27.

  On October 17, 2014, the parties informed the Court that two of the Plaintiffs, Reginald Gilliam and Juan Valenzuela ("Decedents"), passed away during the pendency of this action. Doc. 195 at ¶¶ 1-2. The parties further represented that there have been no probate proceedings for and no one has identified themselves to counsel as an heir or representative of either Decedent. *Id.* The parties jointly requested

1

dismissal of Decedents' claims without prejudice. *Id*.

On October 20, 2014, this Court requested supplemental information from the parties regarding compliance with Fed. R. Civ. P. 25(a)(1), which allows for the substitution of a deceased party if decedent's claims are not extinguished. Rule 25(a)(1) provides:

> ***Substitution if the Claim Is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25 establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party. *Barlow v. Ground*, 39 F.3d 231, 233-34 (9th Cir. 1994). Under Rule 25(a)(1), a party must (1) formally suggest the death of the party upon the record and (2) serve the nonparty representatives of the deceased party with the suggestion of death in the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons. *Id*. at 233. The 90–day period in which a motion for substitution can be made is not triggered until both of these steps are taken. *Id*.

The Court has received and reviewed the supplemental filing of counsel for Plaintiffs. The Court agrees that the law is unclear as to whether certain of Decedents' claims survive their deaths. *See* Doc. 198 at 3-4.

As a threshold matter, no formal suggestion of death has been filed as to either Decedent. While the motion to dismiss, filed October 17, 2014, Doc. 195, may be construed as a "statement noting the death" for purposes of Rule 25, *Jackson v. Rowlett*, 2007 WL 397114, at *1 (E.D. Cal. Jan. 31, 2007) ("Rule 25's sole requirement concerning the content of a suggestion of death on the record is that it must contain a statement of the fact of the death."), in an abundance of caution, the Court believes it would be prudent for the parties file formal "suggestions of death" that reference Rule 25. *See* Civil Form 9 in the

Appendix of Forms accompanying the Federal Rules of Civil Procedure.[1] Accordingly, the parties are directed to file suggestions of death as to both Decedents.

Plaintiffs' counsel represents that, with the assistance of a local homeless advocate, attempts were made to locate a surviving relative of Mr. Gilliam. Doc. 198 at 2. No one was able to identify or determine how to locate any relative of Mr. Gilliam. Under such circumstances, there is authority to support dismissal notwithstanding the lack of <u>service</u> of a suggestion of death. See *Jackson v. Rowlett*, 2008 WL 595935, at *2 (E.D. Cal. Mar. 3, 2008). Plaintiffs' counsel is directed to file a declaration memorializing the efforts of counsel and the homeless advocate to locate a successor-in-interest to Mr. Gilliam. However, the Court is unaware of any authority supporting dismissal <u>before</u> expiration of the 90-day waiting period. If the Parties are aware of any such authority, they may bring it to the Court's attention by filing a memorandum no longer than 3 pages in length providing relevant citations. Otherwise, the Court will dismiss the claims brought by Mr. Rowell no sooner than 90 days from the filing of the formal suggestion of death as to Mr. Rowell.

The circumstances are different for the claims brought by Mr. Valenzuela. Plaintiffs' counsel admits to having contact with Mr. Valenzuela's daughter, Sabrina Valenzuela, who was, at one point, a plaintiff in a related, individual action arising out of the same encampment clean ups at issue in Mr. Valenzuela's case. Doc. 198 at 2. According to Plaintiffs' counsel, Ms. Valenzuela advised counsel that she did not want to participate in any further litigation proceedings. *Id*. While this may be indicative of Ms. Valenzuela's eventual response to being served with a suggestion of death as to her father, it by no means excuses compliance with Rule 25. This Court therefore orders the parties to file and serve a suggestion of death as to Mr. Valenzuela on Ms. Valenzuela and/or any other potential successor to or representative of Mr. Valenzuela. Unless the Court receives from Ms. Valenzuela (and any other potential representatives) an affirmative disclaimer of intent to substitute into this case, the Court must allow the 90-day period to expire before dismissing this action.

---

[1] See http://www.uscourts.gov/RulesAndPolicies/rules/current-rules/illustrative-civil-rules-forms.aspx.

## ORDER

For the reasons set forth above:

(1) The parties are ordered to file formal suggestions of death as to each Decedent on or before November 12, 2014;

(2) On or before November 14, 2014, Plaintiffs' counsel is directed to file a declaration detailing any efforts made to locate Mr. Gilliam's potential successor(s) or representative(s);

(3) On or before November 14, 2014, any party may file memorandum, no longer than three pages in length, citing authority that would permit the Court to dismiss Mr. Gilliam's claims prior to the expiration of the 90-day period in light of counsel's inability to locate any successor(s) or representative(s);

(4) The parties shall serve a copy of the formal suggestion of death as to Mr. Valenzuela upon his daughter, Sabrina Valenzuela, and upon any other potential successor(s) or representative(s) that can be located. The Court will not dismiss Mr. Valenzuela's claims until the 90-day waiting period following such service expires, unless the Court receives affirmative disclaimers of intent to substitute from any and all served potential successor(s) or representative(s).

**SO ORDERED**
**Dated: November 4, 2014**

            **/s/ Lawrence J. O'Neill**
            **United States District Judge**